**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **TWO AN/PVS-14 MONOCULAR NIGHT VISION DEVICES; THREE PVS-14/6015-HPTN MONOCULAR NIGHT VISION DIVICES; and TWO PVS7-3N NIGHT VISION DEVICES**, <br><br> Defendants. |

Case No. 17-cv-1262 (CRC)

## MEMORANDUM OPINION

The Government brings this civil forfeiture action *in rem* against three sets of night vision devices, or "NVDs," that it is currently holding in Washington, D.C.[1] In a verified complaint filed June 2017, the Government alleges that these NVDs were seized as part of an investigation by the U.S. Department of Homeland Security into a scheme designed to circumvent federal export laws and to launder money. Because they have been designated as "defense articles," NVDs are subject to export controls under the Arms Export Control Act, 22 U.S.C. § 2778, meaning that anyone who wants to export them from the United States must obtain an export license from the the Directorate of Defense Trade Controls ("DDTC"), id. § 2778(b)(2). According to the Government, a Tokyo-based company identified in the complaint as "Company 1" purchased the NVDs from U.S. manufacturers in three transactions. Verified Compl. ¶ 17.

---

[1] The Government describes the defendant property as follows: (1) two AN/PVS-14 Monocular NVDs, including two helmet mount kits, two weapon mounts, and two storage cases; (2) three PVS-14/6015-HPTN Monocular NVDs, including three helmet mount kits; and (3) two PVS7-3N NVDs.

When making these purchases, the company filed export declarations with the DDTC stating that the end user of the devices was a branch of the Japanese military. Id. ¶ 18. Each declaration contained the signature of Company 1's president and that of a Japanese military officer. Based on those declarations, DDTC issued an export license for each NVD. Id. ¶¶ 25, 31, 36. But the Department of Homeland Security later learned that the signatures purportedly made on behalf of the Japanese military were forged, and that some of the purchased equipment was actually being stored in Company 1's warehouse. Id. ¶¶ 19–20. Meanwhile, the Japanese Ministry of Defense had seized some of the equipment, and Company 1's president eventually agreed to return all of it to the United States. Id. ¶ 20.

In the Government's view, Company 1's actions violated three federal laws: *First*, the Arms Export Control Act ("AECA"), which prohibits the willful failure to obtain an export license before exporting a defense article to another country, 22 U.S.C. § 2778(c), see 22 C.F.R. § 127.1(a)(1); *second*, an anti-smuggling statute that criminalizes the knowing export of any article contrary to any federal law, 18 U.S.C. § 554(a); and *third*, the federal money-laundering statute, which proscribes the transmission of funds into the United States with the intent to promote the commission of any "specified unlawful activity," 18 U.S.C. § 1956(a)(1)(A)(i)—including a violation of the AECA or the anti-smuggling statute, see 18 U.S.C. § 1956(c)(7)(B)(v)(I), (c)(7)(D)—or conspiracy to do the same, id. § 1956(h). The Government thus contends that the NVDs are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C)—which makes property forfeitable if it "constitutes or is derived from proceeds traceable to a violation of" AECA or § 554(a)—and under 18 U.S.C. § 981(a)(1)(A)—which makes property forfeitable if it is "involved in a transaction or attempted transaction in violation of" 18 U.S.C. § 1956.

On June 27, 2017, the Government filed a verified complaint alleging the foregoing. A warrant for the arrest of the NVDs issued the next day. As required by the Supplemental Rules that apply to asset forfeiture actions,[2] the Government gave written notice to Company 1 and its president—as parties "who reasonably appear[ed] to be a potential claimant," Supp. R. G(4)(b)—on July 26, 2017. That same day, Company 1 provided to the Government a signed Consent and Agreement to Forfeiture, in which Company 1 waived any interest it had in the NVDs. Gov's Aff. Supp. Default ¶ 5 (ECF No. 5). The Government also published notice on its official forfeiture website for 30 consecutive days beginning July 26. Id. ¶ 6. The notice provided that any claim to the property was due September 25, 2017. Id. No such claims were filed. The Government moved for an entry of default, which the Clerk entered on October 5. It then filed this motion for default judgment on November 22.

Default judgment is proper "when the adversary process has been halted because of an essentially unresponsive party." H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C. Cir. 1970). When a plaintiff has moved for default judgment, the Court must ensure that default was properly entered and, if so, decide whether the facts stated in the complaint, accepted as true, entitle the plaintiff to judgment in her favor. See Boland v. Elite Terrazzo Flooring, Inc., 763 F. Supp. 2d 64, 67 (D.D.C. 2011). These same principles apply in forfeiture actions: when no party has filed a claim to property that the Government seeks, the Court must ensure that the Government's allegations show that the property is subject to forfeiture. See, e.g., United States v. $10,409, 585 F. Supp. 2d 10 (D.D.C. 2008).

---

[2] See Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions ("Supp. R.").

The Court finds that default judgment is warranted here. The Government properly notified potential claimants as required by the Supplemental Rules. Company 1 has consented to the forfeiture and no other party has claimed ownership of the NVDs. Default was thus properly entered. And, based on the Government's allegations in its verified complaint, the Court finds that the NVDs constituted or were derived from proceeds traceable to violations of the AECA, 22 U.S.C. § 2778(c); the anti-smuggling statute, 18 U.S.C. § 554(a); and the money-laundering statute, id. § 1956(a)(1)(A)(i). As a result, the Court finds that the NVDs are subject to forfeiture to the United States under 18 U.S.C. § 981(a)(1)(C) and (A).

The Court will therefore grant Plaintiff's Motion for Entry of Default Judgment and Order of Forfeiture. A separate Order accompanies this Memorandum Opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: April 2, 2018